KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—February, 1888.

MATTER OF BROOKS.

*In the matter of the estate of* SUSAN A. BROOKS,
*deceased.*

The act, L. 1887, ch. 713, amending the "collateral inheritance tax" act (L. 1885, ch. 483) is not retroactive so as to govern, in the assessment and collection of a tax on interests passing under the will of a decedent dying before it took effect.

ASSESSMENT of "collateral inheritance tax." The facts are stated in the opinion.

JAS. W. RIDGWAY, *for county treasurer.*

RUFUS M. WILLIAMS, *for executor.*

THE SURROGATE.—The deceased died in January, 1886, and therefore the act, chapter 483 of the Laws of 1885, and not the act chapter 713, Laws of 1887, applies to the taxation of her estate. In my opinion the latter act was not intended to be retroactive.

There is no question but that under the act of 1885, the tax was due immediately after the death of the testatrix (see secs. 2 and 4). The share of the children of the deceased brother of the testatrix is subject to the inheritance tax. To hold that they took through their father would be to defeat their claim to any portion of the estate. Their father having died before the testatrix, the legacy to him would have lapsed (Van Beuren v. Dash, 30 *N. Y.*, 393). Therefore, they must claim directly from the testatrix.